## R.B. Equipment Co. v. Williams, Shields, Snyder & Goas et al

*Richard H. Wix,* for plaintiff.
*Roger T. Shoop,* for defendants.
*William S. Kieser,* for additional defendant.

RANCK, *J.*, October 26, 1981 — This case is before the court on preliminary objections to plaintiff's amended complaint. Defendant Feeser Supply Company and additional defendant Allentown Portland Cement have demurred to plaintiff's strict tort liability cause of action. Feeser also objects to the service of process and asks for a more specific pleading.

The action arises out of the construction of the Shamokin Area High School in 1974. Plaintiff is the assignor of Reisinger Brothers Inc., the general contractors for the project. In particular, the complaint alleges that the concrete stairways, sidewalks and curbing began to deteriorate sometime after construction was completed in that "serious and extensive cracking, flaking, spalling, crumbling, and other defects . . . " began to appear. There are also allegations that the cement and concrete were variously ordered from and delivered by Feeser, defendant Coplay Cement Company, and Allentown Portland, and that it was unreasonably dangerous to the property of the School Authority, i.e. to the stairways, sidewalks, and curbing into which it was incorporated.

I

Feeser and Allentown Portland assert that plaintiff is seeking to recover for *economic* loss on its strict tort liability claim. Plaintiff's position is that they are seeking recovery for *physical* harm inflicted on the stairways, curbs, and sidewalks by the defective cement and concrete. Two questions

are thus presented: (1) whether Pennsylvania law permits the recovery for either physical and/or economic harm under the strict tort liability theory and (2) whether the harm in this case falls into a category that is recoverable. We conclude that Pennsylvania law only permits recovery for physical harm on a strict tort theory and that the harm in this case is economic only, and therefore, not recoverable on this cause of action.

In deciding these questions we adopt the rationale of a recent, well reasoned case, Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co., 652 F. 2d 1165 (3d Cir. 1981). In that case, the Third Circuit, interpreting Pennsylvania law, held that one may recover on a strict tort liability theory for harm which a product inflicts on itself, so long as the harm occurred in an accidental, calamitous way rather than solely being the result of a defect in quality. This distinction between economic and physical harm is based on the differing interests protected by strict tort liability on the one hand, and breach of warranty on the other. The court stated at 1172-1173:

"Although strict liability in tort developed out of the law of warranties, the courts of most states have recognized that the principles of warranty law remain the appropriate vehicle to redress a purchaser's disappointed expectations when a defect renders a product inferior or unable adequately to perform its intended function. . . . These courts have classified the damages consequent to qualitative defects, such as reduced value, return of purchase price, repair and replacement, or lost profits, as economic loss, and have relegated those who suffer such commercial loss to the remedies of contract law.

On the other hand, almost all courts have adopted the view that the benefit-of-the-bargain approach of warranty law is ill-suited to correct problems of hazardous products that cause physical injury. Manufacturers are better able to bear the risk or to take action to correct flaws that pose a danger. Accordingly, tort law imposes a duty on manufacturers to produce safe items, regardless of whether the ultimate impact of the hazard is on people, other property, or the product itself."

We find this reasoning sound, and likewise agree that only physical harm is recoverable under a strict tort theory in Pennsylvania.

The question remains whether the harm incurred in this case is recoverable. Plaintiff alleges in its complaint that:

Said concrete was faulty, defective and unreasonably dangerous at the time it left the defendant's hands to plaintiff, as a user and consumer of said product, and to its property, and to that of the Authority, to wit, the exterior sidewalks, stairs and curbing onto which it was incorporated, in that when so incorporated, said concrete caused the defects described in paragraph 23 (sic) hereof.

Plaintiff argues that it has properly pleaded a case where a defective product causes physical harm to other property of the user or consumer. This argument is enticing but it overlooks one basic point, i.e., that by its very nature, once concrete is poured into a form and hardens, it literally becomes the object into which it has been shaped. Plaintiff's pleading attempts to distinguish the stairways, sidewalks, and curbing from the concrete of which they are primarily composed. This distinction fails because without the concrete, there exist no stairways, sidewalks, or curbs to begin with. Thus, the

harm plaintiff seeks recovery for his harm to the defective product itself.

The fact that the harm is to the defective product does not in and of itself prevent recovery however. The determining factor is whether the defect is hazardous to persons or property, or whether it only affects the quality of the product's performance. Pennsylvania Glass Sand, 652 F. 2d at 1173. We conclude that in the present case, the ". . . serious and extensive cracking, flaking, spalling, crumbling and other defects . . ." are qualitative in nature, and go only to plaintiff's expectations of the product's performance. This case can only be considered as one involving a non-recoverable economic loss.

## II.

Feeser has raised two other objections which we will consider.

First, Feeser claims that since Shamokin Ready-Mix Concrete has never been served with a complaint, the action against Feeser must be dismissed. Plaintiff has averred that Feeser is the successor-in-interest to Shamokin and that either Shamokin or Feeser supplied concrete to Reisinger Brothers. Under these facts, even if it was indeed Shamokin who supplied the concrete, plaintiff has properly pleaded its cause of action against Feeser.

Feeser has also raised various objections to the lack of specificity in the complaint. We conclude that none of these contain any merit, as each of the particular instances of non-specific pleading cited by Feeser are either within Feeser's own knowledge or are discoverable. See Anderson v. Nye, 51 Northumb. L.J. 193, (1979), 11 D. & C. 3d 734 (1979); 2 Goodrich-Amram 2d §1017 (b):9, 1017 (b)§9.1.

## ORDER

And now, October 26, 1981, after due consideration of the oral and written arguments of counsel, it is hereby ordered and directed that:

1. Defendant Feeser Supply Company's demurrer to counts VII, VIII, and XI are sustained.

2. Defendant Allentown Portland Cement's demurrer to count XI is sustained.

3. All other preliminary objections to plaintiff's amended complaint are denied.

Plaintiff shall have 20 days from the filing of this order to file an amended complaint.